SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
  spetersen@sheppardmullin.com
NORMA V. GARCIA, Cal. Bar No. 223512
  ngarciaguillen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:   714-513-5130

SUSAN J. MILLER OVERBEY (*pro hac vice* anticipated)
  soverbey@burkelaw.com
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash, 22nd Floor
Chicago, Illinois  60611
Telephone:  312-840-7000
Facsimile:   312-840-7900

Attorneys for Defendants JPMorgan Chase Bank, N.A. for itself and as successor by merger to Chase Home Finance LLC, EMC Mortgage LLC (incorrectly sued as EMC Mortgage Corporation), The Bear Stearns Companies LLC, and California Reconveyance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT POTTER, et al., | Case No. 11-CV-10255 CAS (ARGx) |
| Plaintiffs, | **DEFENDANTS JPMORGAN CHASE BANK, N.A. FOR ITSELF AND AS SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC, EMC MORTGAGE LLC, INCORRECTLY SUED AS EMC MORTGAGE CORPORATION, AND THE BEAR STEARNS COMPANIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| JPMORGAN CHASE BANK, N.A., et al., | |
| Defendants. | |
| | Date: January 23, 2012 |
| | Time:  10:00 a.m. |
| | Courtroom 5 |
| | The Hon. Christina A. Snyder |
| | Complaint Filed:  April 15, 2011 |

PLEASE TAKE NOTICE that on January 23, 2012, at 10:00a.m., or as soon thereafter as the matter may be heard in Courtroom 5, United States District Court, 312 North Spring Street, Los Angeles, California 90012, defendants JPMorgan Chase Bank, N.A. for itself and as successor by merger to Chase Home Finance LLC ("Chase"), EMC Mortgage LLC (incorrectly sued as EMC Mortgage Corporation) ("EMC"), and The Bear Stearns Companies LLC ("Bear Stearns")[1] will move the Court to dismiss Plaintiffs First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Prior to bringing this motion, counsel for Chase, EMC, and Bear Stearns met and conferred with Plaintiffs' counsel on December 16, 2011, in compliance with L.R. 7-3, but the parties were unable to reach an accord that would eliminate the need for the motion.

The motion will be based on this Notice of Motion and Motion, the Request for Judicial Notice, and the pleadings and papers filed herein.

---

[1] Chase Home Finance LLC is also named as a defendant in this matter. However, as of May 1, 2011, Chase Home Finance LLC was merged into Chase. (Request for Judicial Notice ("RFJN"), Exhibit 1, Filed Certificate of Merger.) Therefore, the instant motion is filed on behalf of Chase for itself and as successor by merger to Chase Home Finance LLC.

California Reconveyance Company ("CRC") filed a Declaration of Non-Monetary Status on May 9, 2011 in the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.   (RFJN, Exhibit 2.)   However, to the extent the Court does not accept CRC's non-monetary status, it joins in the instant motion.

1

2

3  Dated:  December 19, 2011

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Sheppard Mullin Richter & Hampton LLP

By:  _____*/s/ Norma V. Garcia*_____
         Norma V. Garcia

Attorney for Defendants
JPMORGAN CHASE BANK, N.A. for itself
and as successor by merger to CHASE HOME
FINANCE LLC, EMC MORTGAGE LLC,
incorrectly sued as EMC MORTGAGE
CORPORATION, THE BEAR STEARNS
COMPANIES LLC and CALIFORNIA
RECONVEYANCE COMPANY

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
AND MOTION TO DISMISS THE FAC**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

PLAINTIFFS' ALLEGATIONS IN THE FAC ......................................................... 2

BACKGROUND REGARDING WASHINGTON MUTUAL BANK ................... 4

LEGAL STANDARD .................................................................................................... 5

ARGUMENT ................................................................................................................... 6

    I.       UNDER THE P&A AGREEMENT, CHASE IS NOT LIABLE FOR
             WAMU'S ORIGINATION OR SERVICING CONDUCT. ..................... 6

    II.      PLAINTIFFS FAIL TO STATE A FRAUD CLAIM (COUNTS I-III). ................. 9

          A.    Plaintiffs Fail To Plead Fraud With Specificity. ........................... 9

          B.    Plaintiffs' Fraud Claims Fail Because They Do Not Plead The
               Necessary Element of Reliance ................................................. 10

          C.    Chase, EMC, and Bear Stearns Had No Duty To Disclose Here,
               Absent Special Circumstances, Which Are Not Pled. ............... 11

    III.    PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE
             UCL (COUNT IV). ...................................................................... 12

    IV.    PLAINTIFFS STIRLING AND MICHELLE HALE AND CAROL
             WEISSKOPF FAIL TO STATE A CLAIM FOR "WRONGFUL
             FORECLOSURE" (COUNT V). ........................................... 15

    V.      PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF
             CONTRACT (COUNT VI). ......................................................... 16

CONCLUSION ............................................................................................................. 19

# TABLE OF AUTHORITIES

Cases

*Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101 (1996)......................................................... 17

*Aleem v. Bank of Am.*, No. EDCV 09-01812-VAP (RZ), 2010 WL 532330 (C.D. Cal. Feb. 9, 2010) ........................................................................................................................... 21

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................ 5, 6

*Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998) ................................................................ 16

*Begner v. U.S.*, 428 F.3d 998 (11th Cir. 2005) ......................................................................... 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................. 5

*Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399 (N.D. Cal. 2009) .................................................. 8

*Brody v. Homestore, Inc.*, No. CV02-08068FMCJWJX, 2003 WL 22127108 (C.D. Cal. Aug. 8, 2003) .......................................................................................................................... 10

*Buckland v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 66 Cal. Rptr. 3d 543 (2d Dist. 2007).......................................................................................................................... 12

*County of Santa Clara v. Astra USA, Inc.,* 588 F.3d 1237 (9th Cir. 2009)....................................... 19

*Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011)....................................................................... 11

*Escobedo v. Countrywide Home Loans*, No. 09-cv-1557-BTM (BLM), 2009 WL 4981618 (S.D. Cal. Dec. 15, 2009)........................................................................................ 21

*Federici v. Monroy*, No. C 09-4025 PVT, 2010 WL 1345276 (N.D. Cal. Apr.6, 2010)............... 8

*Foti, et al. v. JPMorgan Chase Bank, N.A., et al.,* Case No. CV11-3487 GW (JCx)..................... 1

*Grant v. Aurora Loan Servs.*, 736 F. Supp. 2d 1257 (C.D. Cal. 2010) ............................................. 18

*Hilton v. Wash. Mut. Bank*, No. C 09-1191 SI, 2009 WL 3485953 (N.D. Cal. Oct. 28, 2009)........................................................................................................................... 7, 8

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ............................................................ 10

*Johnson v. Great W. Funding*, No. C 09-2301 PJH, 2009 WL 4723364 (N.D. Cal. Dec. 4, 2009) ............................................................................................................................ 8

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009)........................................................ 10

*Klamath Water Users Protective Ass'n v. Patterson,* 204 F.3d 1206 (9th Cir.1999)........................ 19

*Lazar v. Superior Court*, 12 Cal.4th 631 (Cal. 1996) .................................................................. 12

ii

*Lemperle v. Wash. Mut. Bank*, No. 10cv1550-MMA(POR), 2010 WL 3958729 (S.D. Cal. Oct. 7, 2010) ........................................................................................................ 9

Leonel v. American Airlines, Inc., 400 F.3d 702 (9th Cir. 2005) .................................... 15

*Lopez v. Chase Home Fin.*, LLC, No. 1:09-cv-449-LJO-GSA, 2009 WL 1120318 (E.D. Cal. Apr. 8, 2009) ............................................................................................................ 18

*Lucero v. Countrywide Bank*, No. 09-cv-1742 BTM (BLM), 2010 WL 1880649 (S.D. Cal. May 10, 2010) ........................................................................................................ 21

*Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (Cal. 1993) ............................................ 12

*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089 ................... 13

*Oaks Management Corporation v. Superior Court*, 145 Cal.App.4th 453(4th Dist. 2007) .......... 13

*Perlas v. GMAC Mortg., LLC*, 187 Cal.App.4th 429 (1st Dist. 2010) ........................... 13

*Rosenfeld v. JPMorgan Chase Bank, N.A.*, No. C 09-6070 MEJ, 2010 WL 3155808 (N.D. Cal. Aug. 9, 2010) .................................................................................................. 8

*Rowe v. Educational Credit Management Corp.*, 559 F.3d 1028 (9th Cir. 2009) ........................ 16

Rubio v. Capital One Bank (USA), N.A., 572 F.Supp.2d 1157 (C.D. Cal. 2008) ........................ 15

*Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051 (E.D. Cal. 2010) .......................... 18

*Simmons v. Countrywide Home Loans, Inc.*, No. 09-cv-1245 JAH (JMA), 2010 WL 2635220 (S.D. Cal. June 29, 2010) ................................................................................ 20

*Simon v. Bank of Am., N.A.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436 (D. Nev. June 23, 2010) ............................................................................................................ 22

*Smith v. State Farm Mut. Auto. Ins. Co.,* 93 Cal. App. 4th 700 (2nd Dist. 2001)................... 15

*St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049 (9th Cir. 2008) ................................ 6, 17

*Ung v. GMAC Mortg.*, No. EDCV 09-893, 2009 WL 2902434 (C.D. Cal. Sept. 4, 2009) .......... 22

Vega v. JPMorgan Chase Bank, N.A., No. CV F 09-1444 LJO GSA, 2009 WL 2731039 (E.D. Cal. Aug. 26, 2009) .............................................................................................. 17

*Victoria v. JPMorgan Chase Bank*, No. CIV. S-09-2059 LKK/KJM, 2009 WL 5218040 (E.D. Cal. Dec. 29, 2009) .................................................................................................. 9

*Villa v. Wells Fargo Bank*, No. 10-cv-81 DMS (WVG), 2010 WL 935680 (S.D. Cal. March 15, 2010) ............................................................................................................ 21

*Wagner v. Benson* 101 Cal.App.3d 27 (4th Dist. 1980)................................................ 14

iii

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION AND MOTION TO DISMISS THE FAC**

*Yeomalakis v. FDIC*, 562 F.3d 56 (1st Cir. 2009) .......................................................... 8

Statutes

12 U.S.C. § 2606 ....................................................................................................... 16

15 U.S.C. § 1692a ..................................................................................................... 16

15 U.S.C. § 1603 ....................................................................................................... 16

24 C.F.R. § 3500.5 .................................................................................................... 16

Ca. Bus. & Prof. Code § 17200 ........................................................................... *passim*

Ca. Civ. Code § 2924 .................................................................................................. 4

Ca. Civ. Code. §§ 1788 ............................................................................................... 4

Ca. Civ. Code § 2923.5 ............................................................................................... 4

California Business and Professional Code § 17200 ................................................... 1

Rules

Fed. R. Civ. P. 8 ......................................................................................................... 5

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION AND MOTION TO DISMISS THE FAC**

1068197.1

# INTRODUCTION

In their First Amended Complaint ("FAC"), 149 individual plaintiffs attempt to assert claims against several defendants, including JPMorgan Chase Bank, N.A. for itself and as successor by merger to Chase Home Finance LLC ("Chase"), EMC Mortgage LLC (incorrectly sued as EMC Mortgage Corporation) ("EMC"), and The Bear Stearns Companies LLC ("Bear Stearns") to avoid or vacate foreclosure, void their deeds of trusts and notes, and/or obtain loan modifications.  Plaintiffs employ a variety of confusing theories to attack every aspect of the mortgage lending process, from appraisal of the property, to loan origination, to servicing, to foreclosure.  Each of these theories is purportedly based on an alleged (yet undefined) scheme by mortgage lenders, banks, and third-party investors which allegedly knowingly caused the recent housing bubble and concomitant financial crisis (and even less clearly, their own purported losses) for the sole purpose of obtaining government bailout money.

Yet the FAC is completely devoid of any facts to support these theories, or to connect any of the Plaintiffs to any of the purported claims asserted.  Chase, EMC, and Bear Stearns now move this Court to dismiss Plaintiffs' FAC in its entirety for failure to state a claim, including their claims for fraudulent concealment (Count I), intentional misrepresentation (Count II), negligent misrepresentation (Count III), unfair competition under California Business and Professional Code § 17200, *et seq.* ("UCL") (Count IV), "wrongful foreclosure" (Count V), and breach of contract (Count VI).  Each of Plaintiffs' claims fails because they are not supported by any factual allegations.[2]

---

[2] Two iterations of a complaint nearly identical to the FAC were dismissed by Judge Wu, of this District Court, for failure to state a claim, in *Foti, et al. v. JPMorgan Chase Bank, N.A., et al.*, Case No. CV11-3487 GW (JCx).

## PLAINTIFFS' ALLEGATIONS IN THE FAC

On April 15, 2011, 64 plaintiffs filed their original complaint against "JP Morgan Chase Bank, N.A., a New York corporation, in its own capacity and as an acquirer of certain assets and liabilities of Washington Mutual Bank [("WaMu")]," "Chase Home Finance, LLC," "Long Beach Mortgage Company, a California corporation [("Long Beach Mortgage")]," "EMC Mortgage Corporation, a Delaware corporation," "The Bear Stearns Companies, LLC, a Delaware corporation," "California Reconveyance Company, a California corporation," "Priority Posting & Publication," and "LPS Default Title & Closing," and "Does 1 through 1000, inclusive."

On November 10, 2011, Plaintiffs filed the FAC, adding over 90 additional individual plaintiffs and more conclusory allegations, but little in the way of factual allegations.[3]  With respect to each Plaintiff, the FAC merely alleges, for example:

> Plaintiff ROBERT POTTER is an individual residing in the State of California, who borrowed money from Defendants or its subsidiaries or affiliates between January 1, 2003 and June 30, 2008, secured by a deed of trust on his California real estate. At all times material hereto, Defendants have acted as Servicer or some other control capacity over processing the loan.

(FAC ¶ 53) and, with respect to a more limited number of Plaintiffs, allegations like:

> Plaintiffs Robert Potter and Joan Potter relied upon statements made by Peter Gladkin, a loan officer as an agent or representative of Defendants, which were important in their decision to take a loan from their lender.  The Potters relied upon the following statements: Their lender's representative or agent told the Potters that they were qualified for the loan and assured them that they could afford the payments on it; and their lender also told the Potters that their house had appraised

---

[3] With the addition of over 90 Plaintiffs, Chase, EMC, and Bear Stearns had grounds pursuant to the Class Action Fairness Act to remove the case to this Court and did so on December 12, 2011.

high enough, and was worth enough, to justify a loan in the amount that was provided.

(*Id.*, ¶420(ee).)

Plaintiffs do not allege whether any of the Plaintiffs is in foreclosure (with the exception of Stirling and Michelle Hale, Carol Weisskopf ) or has applied for a loan modification (with the exception of Alice and Willie Collins), nor any specific facts relating to the origination, servicing, or current status of the loan.  In fact, the Plaintiffs do not even identify the addresses[4] of the properties at issue or which defendant originated and/or serviced his or her loan.  In addition, there are virtually no factual allegations connecting Plaintiffs directly with any Chase, EMC, or Bear Stearns.

After brief descriptions of the defendants, Plaintiffs then plead almost all of the remaining allegations against all of the "Defendants."  (*See generally*, FAC.) Plaintiffs' purported claims are predicated on the following theories for which only conclusions (and no factual allegations) are pled:

(1) "Defendants" fraudulently originated loans based on inflated appraisals and lax underwriting standards without regard to plaintiffs' abilities to repay their loans, so that defendants could maximize their profits from the sale of the loans on the secondary market (*see, e.g.,* FAC ¶¶1(a), (b), 282-304, 324-327);

(2) "Defendants" engaged in improper foreclosure activities in connection with plaintiffs' mortgage loans, including the alleged failure to contact plaintiffs prior to issuing statutory notices of default and issuing statutory notices without first obtaining the authority to do so (*id.* at ¶¶1(g), 349-367, 483-495);

(3) "Defendants" breached government contracts by failing to modify Plaintiffs' loans (*id.* 1(c), 496-501); and

---

[4] Plaintiffs counsel provided a list of Plaintiffs' addresses and loan numbers upon request, but this does not cure the defect in the FAC.

3

CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
AND MOTION TO DISMISS THE FAC

(4) "Defendants" engaged in a widespread scheme to defraud homeowners, and simultaneously bring down the entire mortgage industry for the sole purpose of obtaining federal bailout money.[5] (*See generally, id.*)

Plaintiffs simply conclude these alleged improprieties occurred, but allege few facts related to any Plaintiff or specific property.

Plaintiffs also purport to allege violations of various federal and state statutory provisions, including (but not limited to) Ca. Civ. Code. §§ 1788 (FAC ¶469, 472), 2923.5 (*id.,* ¶477), 2924 (*id.*) the Truth in Lending Act ("TILA") (*see, e.g., id.* ¶¶382-388), the Fair Credit Reporting Act ("FCRA") (*id.* ¶459, 472), the Fair Debt Collection Practices Act ("FDCPA") (*id.* ¶472), the Lanham Act (*id.* ¶468) and the Patriot Act (*id.* ¶¶1(d), 368-382), but do not actually allege causes of action for these purported violations except as a predicate violation of the UCL. (*Id.* ¶¶389, 479.)

## **BACKGROUND REGARDING WASHINGTON MUTUAL BANK**

Plaintiffs sue Chase "as an acquirer of certain assets and liabilities of Washington Mutual Bank." (FAC caption, ¶277.)   On September 25, 2008, the Office of Thrift Supervision closed WaMu, and the Federal Deposit Insurance Corporation (the "FDIC") was named receiver.  (*Id.; see also,* Notice of FDIC Receivership, filed May 31, 2011.)  As a result of the FDIC's appointment, WaMu ceased operations.  (*Id.*)

Chase acquired certain of WaMu's assets and liabilities pursuant to a Purchase and Assumption Agreement with the FDIC (the "P&A Agreement").

---

[5] Plaintiffs also allege Mortgage Electronic Registration Systems, Inc. ("MERS") improperly claims to be the beneficiary of their loans and/or has transferred their loans without authority to do so.  (FAC ¶¶1(b), 353-367.) However, MERS is not a named defendant in the FAC and Plaintiffs do not allege any facts connecting their allegations relating to MERS to any specific Plaintiffs or any of their claims.

1  (RFJN, Exhibit 3, P&A Agreement.)  The P&A Agreement provides, however, that

2  Chase is not liable for borrower claims relating to WaMu's (or Long Beach

3  Mortgage's) origination or servicing of any loan prior to September 25, 2008.  (Id.)

4  ## LEGAL STANDARD

5  The Supreme Court has admonished that Fed. R. Civ. P. 8 "demands more

6  than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

7  *Iqbal*, 129 S. Ct. 1937, 1949 (2009). In *Iqbal*, the Supreme Court outlined the

8  analytical framework for evaluating the sufficiency of a claim under the standards

9  announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), holding that

10  "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the

11  elements of a cause of action will not do.  Nor does a complaint suffice if it tenders

12  'naked assertion[s]' devoid of 'further factual enhancement'." *Iqbal*, 129 S. Ct. at

13  1949 (quoting *Twombly*, internal citations omitted).  With *Twombly* and *Iqbal*, the

14  Supreme Court has clarified the pleading standard, and "retired the *Conley* [*v.*

15  *Gibson*] no-set-of-facts test."  *See Iqbal*, 129 S. Ct. at 1944; *Twombly*, 550 U.S. at

16  561-63 (abrogating *Conley* "no-set-of-facts" standard).  As set out by the Court:

17  > To survive a motion to dismiss, a complaint must contain sufficient
18  > factual matter, accepted as true, to "state a claim to relief that is
19  > plausible on its face." A claim has facial plausibility when the plaintiff
     > pleads factual content that allows the court to draw the reasonable
20  > inference that the defendant is liable for the misconduct alleged. The
     > plausibility standard is not akin to a "probability requirement," but it
21  > asks for more than a sheer possibility that a defendant has acted
22  > unlawfully. Where a complaint pleads facts that are "merely consistent
     > with" a defendant's liability, it "stops short of the line between
23  > possibility and plausibility of 'entitlement to relief.'"  . . . Threadbare
24  > recitals of the elements of a cause of action, supported by mere
     > conclusory statements, do not suffice.
25
*Id.  See also St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (in
26
deciding whether a plaintiff has stated a claim, the court is not required to accept as

27

28

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
AND MOTION TO DISMISS THE FAC**

1    true "allegations that are merely conclusory, unwarranted deductions of fact, or

2    unreasonable inferences").

3                              **ARGUMENT**

4    I.    **UNDER THE P&A AGREEMENT, CHASE IS NOT LIABLE FOR**
          **WAMU'S ORIGINATION OR SERVICING CONDUCT.**

5

6         To the extent Plaintiffs' claims against Chase are based on origination or

7    servicing conduct by WaMu those claims against Chase fail based on Articles 2.1

8    and 2.5 of the P&A Agreement.[6]  Specifically, Article 2.5 states:

9              **Borrower Claims**. Notwithstanding anything to the contrary in this
              Agreement, *any liability associated with borrower claims for payment*
10             *of or liability to any borrower* for monetary relief, or that provide for
              any other form of relief to any borrower, whether or not such liability
11             is reduced to judgment, liquidated or unliquidated, fixed or contingent,
              matured or unmatured, disputed or undisputed, legal or equitable,
12             judicial or extra-judicial, secured or unsecured, whether asserted
              affirmatively or defensively, *related in any way to any loan or*
13             *commitment to lend made by the Failed Bank* prior to failure, or to any
              loan made by a third party in connection with a loan which is or was
14             held by the Failed Bank, or otherwise arising in connection with the
15             Failed Bank's lending or loan purchase activities are *specifically not*
              *assumed by the Assuming Bank*.[7]
16

17

18   (RFJN, Exhibit 3, P&A Agreement § 2.5) (emphasis added.)  Chase "expressly

19   disclaimed assumption of liability arising from borrower claims. . . . [the P&A

20

21   _____

22        [6] Because Plaintiffs do not allege who originated each of their loans, it is
     difficult to determine which Plaintiffs' claims are based on WaMu's pre-September
23   25, 2008 conduct.  However, with respect to their intentional misrepresentation
     claim (Count II), certain Plaintiffs allege various statements made by either WaMu
24   employees or others "were important in their decision to take a loan from WaMu."
     (FAC ¶¶420(a)-(i), (l)-(n), (q), (s), (u)-(bb), (ff)-(ii), (ll)-(rr)).   Therefore, these
25   Plaintiffs' intentional misrepresentation claims are certainly barred by the P&A
26   Agreement for the reasons stated below.

27        [7] "Failed Bank" means WaMu, and "Assuming Bank" means Chase. (RFJN,
28   Exhibit 3, P&A Agreement, 1.)

CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
                                                 AND MOTION TO DISMISS THE FAC

1068197.1

Agreement] leaves the FDIC as the responsible party with respect to those claims." *Hilton v. Wash. Mut. Bank*, No. C 09-1191 SI, 2009 WL 3485953, at *3 (N.D. Cal. Oct. 28, 2009) (Illston, J.) (citations and quotation marks omitted).

"Borrower claims" include servicing liabilities like those at issue here. The P&A Agreement unequivocally and unambiguously provides that loan servicing liabilities remain with the FDIC and do not pass to Chase. *See Begner v. U.S.*, 428 F.3d 998, 1005 (11th Cir. 2005) (when interpreting unambiguous contract language, "plain meaning" of the words used applies). Specifically, under the P&A Agreement: (1) Chase did not assume the liabilities related to servicing loans, rather it merely assumed all "servicing rights and obligations," (RFJN, Exhibit 3, P&A Agreement, Art. II, Sec. 2.1); and (2) Chase specifically did not assume any "borrower claims" "arising in connection with the Failed Bank's lending…activities," which includes loan servicing activities (*id.*, Art. II, Sec. 2.5).

Courts have held that the P&A Agreement bars borrowers from asserting claims against Chase based on WaMu conduct. *See, e.g.*, *Newbeck v. Wash. Mut. Bank*, No. C 09-1599 CW, 2010 WL 3222174, at *2 (N.D. Cal. Aug. 13, 2010) (Wilken, J.) (dismissing UCL claim, among others, because "Plaintiffs' claims are related to a loan that was held by Washington Mutual, [and Chase]'s agreement with the FDIC requires dismissal of Plaintiffs' claims against it."); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, No. C 09-6070 MEJ, 2010 WL 3155808, at *4 (N.D. Cal. Aug. 9, 2010) ("[T]he FDIC is the appropriate party regarding any liability associated with borrower claims . . . .") (citation and quotation marks omitted); *Federici v. Monroy*, No. C 09-4025 PVT, 2010 WL 1345276, at *2-3 (N.D. Cal. Apr. 6, 2010) (dismissing claims against Chase that were predicated on allegations that WaMu negligently prepared loan documents and made negligent misrepresentations); *Johnson v. Great W. Funding*, No. C 09-2301 PJH, 2009 WL 4723364, at *2 (N.D. Cal. Dec. 4, 2009) (same); *Hilton*, 2009 WL 3485953, at *3 ("[P]laintiff cannot

CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
AND MOTION TO DISMISS THE FAC

maintain any claims against [Chase] arising out of the origination of [WaMu] loans."); *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 414-15 (N.D. Cal. 2009) (same).[8]

To the extent Plaintiffs' claims relate to a loan made by WaMu and arise in connection with WaMu's lending or servicing activities, Plaintiffs have no basis to seek relief against Chase (or any other defendant). Accordingly, the Court should dismiss Plaintiffs' claims against Chase, with prejudice, to the extent they are based on conduct by WaMu, and in particular should dismiss Count II for intentional misrepresentation with respect to the Plaintiffs who specifically allege conduct by WaMu.[9]

---

[8] *See also Yeomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009) ("When Washington Mutual failed, Chase Bank acquired many assets but its agreement with the FDIC retains for the FDIC 'any liability associated with borrower claims for payment of or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower.'"); *Lemperle v. Wash. Mut. Bank*, No. 10cv1550-MMA(POR), 2010 WL 3958729, at *3 (S.D. Cal. Oct. 7, 2010) ("[S]ection 2.5 of the P & A Agreement, expressly states that Chase did not assume any liability for borrower claims related to loans or commitments to lend made by WaMu."); *Victoria v. JPMorgan Chase Bank*, No. CIV. S-09-2059 LKK/KJM, 2009 WL 5218040, at *1-2 (E.D. Cal. Dec. 29, 2009) (rejecting plaintiff's argument that it would be "unfair" not to hold Chase liable for WaMu's alleged bad acts, noting that "plaintiff can seek relief from the FDIC, as Receiver for WAMU, for these allegedly illegal actions," and concluding that "plaintiff cannot state a claim against [Chase] for actions allegedly taken by WAMU prior to September 25, 2008").

[9] Plaintiffs Gerald Szillinsky, Teri O'Rourke, Fernando Montelongo, Fidel Covarrubias, Jacqueline Baird, Thomas Baird, Kristie Greenleaf, Kristen Witzenburg, Gerardo Rivera, Maybelle Ribera, Teresita Bitanga, Fabian Bitanga, David Bennett and Irma Bennett, Nancy Vizcarra, Willie Collins, Alice Collins, Tom Harry Tavoularis, Janine Tavoularis, Rudy Sandefur, Steven Scott Newton, Kim Collier, Donald Scott, Ana Rosa Castenada, Gumersindo Castaneda, Robert Messner, Joseph Earle, Judy Earle, Litaun Lewis, Michelle Martinez, Ramon Mejia, Isabel Mejia, Jerry Rogge, Craig White, Madeline Birgante, Dennis Beame, Sydney Beame, Tony McPheeters, Laura McPheeters, Johnny Tuan Tran, Diane Truong, Tiffany Truong Tran, Kevin Murray, Robert Miller, Sally Miller, Cristina Magana,

CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
AND MOTION TO DISMISS THE FAC

## II.     **PLAINTIFFS FAIL TO STATE A FRAUD CLAIM (COUNTS I-III).**

### A.     **Plaintiffs Fail To Plead Fraud With Specificity.**

Plaintiffs' fraud based claims (fraudulent concealment, intentional and negligent misrepresentation) all fail because Plaintiffs' conclusory allegations do not even approach the particularity required by the exacting standards of Rule 9(b). Claims that accuse a defendant of misrepresentation, concealment, or otherwise "sound in fraud" must be pled with particularity under Rule 9(b). *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404–05 (9th Cir. 1996); *Brody v. Homestore, Inc.*, No. CV02-08068FMCJWJX, 2003 WL 22127108, at *3–5 (C.D. Cal. Aug. 8, 2003); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

Rule 9(b) serves three purposes:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  To effectuate these purposes, "a party alleging fraud must set forth *more* than the neutral facts necessary to identify the transaction." *Id*. at 1124 (citation and quotations omitted) (emphasis in original).

Here, Plaintiffs do not even plead neutral facts regarding the specifics of each Plaintiffs' unidentified loan transaction, foreclosure, and/or alleged loan

---

Robert Perry, Hattie Perry, and Richard Comer's intentional misrepresentation claims should be dismissed because they specifically allege their claims are based on statements by WaMu.  (FAC ¶¶420(a)-(i), (l)-(n), (q), (s), (u)-(bb), (ff)-(ii), (ll)-(rr)).

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION AND MOTION TO DISMISS THE FAC**

modification efforts.   The FAC is completely devoid of the "who, what, when, where and why" of any alleged fraud.   Specifically, Plaintiffs do not:

- provide any details about the amount, terms, or date of any of Plaintiffs' loan originations;

- identify the role that Chase, EMC, or Bear Stearns allegedly played with regard to any of the mortgage loans or what they allegedly did wrong; and

- describe which "Defendant" made which alleged misrepresentation to which Plaintiff, when or in what manner.

Moreover, Plaintiffs allege broad categories of supposedly fraudulent conduct perpetrated by "the enterprise" which, Plaintiffs claim, was subsequently "purchased" by "Defendants" and that the enterprise "misled borrowers, potential borrowers and investors by failing to disclose substantial negative information regarding the enterprise's loan products."  (FAC, ¶486.)

Furthermore, in a complaint against multiple defendants, plaintiffs must plead predicate acts of fraud with particularity as to *each* defendant and cannot rely on "everyone did everything" allegations.  *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).   Plaintiffs lump together all of the defendants with no distinctions made as to their respective actions – simply referring to the defendants as the "Defendants."  (*See generally*, FAC.)  Plaintiffs also do not identify which claims each Plaintiff seeks to assert against any particular defendant.

Plaintiffs here jointly attribute the alleged unsupported fraudulent conduct to all defendants collectively without ever specifically informing Chase, EMC, or Bear Stearns of the nature of their alleged participation in the fraud.   Given Plaintiffs' failure to meet the requisite pleading requirements, the Court should dismiss Counts I-III.

**B.  Plaintiffs' Fraud Claims Fail Because They Do Not Plead The Necessary Element of Reliance.**

Plaintiffs' fraud-based claims also fail because they fail to allege any facts to support the conclusion that Plaintiffs relied on Chase, EMC, or Bear Stearns'

CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
AND MOTION TO DISMISS THE FAC

purported misrepresentations or omissions.  Reliance is a necessary element of misrepresentation-based fraud claims.  *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (Cal. 1996).  Likewise, reliance is a necessary element of a cause of action for deceit based on an omission. *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (Cal. 1993)*; see also, Buckland v. Threshold Enters., Ltd.,* 155 Cal. App. 4th 798, 808, 66 Cal. Rptr. 3d 543, 549-550 (Cal. App. 2d Dist. 2007) ("[a]ctual reliance for the purpose of fraud by omission occurs only when the plaintiff reposes confidence in the *material completeness* of the defendant's representations, and acts upon this confidence") (emphasis in original).

Plaintiffs allege in a conclusory fashion that they "relied" upon various unspecified misrepresentations and omissions – made by various people and in various forums, including "statements made on the internet, in television ads and brochures" and statements made by mortgage brokers from various non-defendant entities which, on "information and belief" are agents of "Defendants."  (*See, e.g*. FAC ¶¶420(g), (l), 430.)  These conclusory allegations are insufficient, especially where Plaintiffs do not even specifically allege when they allegedly saw the "statements" on the internet or on television, or who made the statements, or on what basis they allege unrelated "mortgage brokers" are "agents" of "Defendants." (*Id.*)

For this additional reason, the Court should dismiss Plaintiffs' fraud-based claims (Counts I-III).

### C.   Chase, EMC, and Bear Stearns Had No Duty To Disclose Here, Absent Special Circumstances, Which Are Not Pled.

Each of Plaintiffs' fraud claims are based, at least in part, on the theory that "Defendants" had some duty to disclose that Plaintiffs could not afford the loans at issue.  (*See, e.g., FAC ¶¶403(a), (e), 420(a)-(rr).)*  However, California law does not recognize a duty.  A lender is under no duty "to determine the borrower's ability to repay the loan...The lender's efforts to determine the creditworthiness and ability to

repay by a borrower are for the lender's protection, not the borrower's." *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (1st Dist. 2010). "[A]bsent special circumstances ... a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Oaks Management Corporation v. Superior Court*, 145 Cal.App.4th 453 (4th Dist. 2007), 466. Further, "[a] commercial lender pursues its own economic interests in lending money." *Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1096. A lender "owes no duty of care to the [borrowers] in approving their loan." *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (4th Dist. 1980).

Here, Plaintiffs have not alleged any special circumstances such that Chase, EMC, or Bear Stearns had a duty to disclose to Plaintiffs that they allegedly could not afford their loans. To the extent Plaintiffs fraud claims are based on such a purported duty, they must fail. For this additional reason, the Court should dismiss Plaintiffs' fraud claims (Counts I-III).

## III. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE UCL (COUNT IV).

To state a UCL claim, Plaintiffs must allege "Defendants" committed an "unlawful, unfair or fraudulent business act or practice" and that, as a result, Plaintiffs "suffered injury in fact" and "lost money or property." Ca. Bus. & Prof. Code §§ 17200, 17204. Even a cursory review of the FAC reveals that they have failed to do so. Plaintiffs' conclusory allegations include, example:

- "The Defendants perpetrated their fraudulent scheme of selling off overpriced loans by making willful and inaccurate credit disclosures regarding borrowers, including Plaintiffs, to third parties;"
- "These pervasive false disclosures also caused the bubble to burst;" and
- "The foregoing violations were in furtherance of the fraud perpetrated on Plaintiffs."

CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
AND MOTION TO DISMISS THE FAC

1068197.1

(FAC ¶¶458, 460, 462.)   Such vague and conclusory allegations fail to point to specific "unfair," "unlawful" or "fraudulent" conduct or an injury in fact caused by such conduct, and thus fail to state a claim.

Although the FAC contains passing and conclusory references to "unfair" conduct (*e.g.*, "Defendants' wrongful acts violated the federal laws prohibiting false and deceptive advertising…and constituted unfair competition" (FAC ¶468.), Plaintiffs do not make factual allegations to support a claim that the conduct of Chase, EMC, or Bear Stearns was actionable under the "unfairness" prong of the UCL.   Accordingly, the FAC does not state a UCL claim for "unfair" conduct.

With respect to the UCL's "unlawful" prong, Plaintiffs must plead a predicate unlawful act.   The "unlawful" prong of Section 17200 "permits violations of other laws to be treated as unfair competition that is independently actionable."   *Leonel v. Am. Airlines, Inc.,* 400 F.3d 702, 714 (9th Cir. 2005).   "[T]o state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999).   By contrast, "[w]here a plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim either." *Rubio v. Capital One Bank (USA), N.A.* 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008),   *rev'd on other grounds,* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2nd Dist. 2001)).   Instead of pleading facts to allege a violation of any law, Plaintiffs merely list a variety of alleged federal and state statutory provisions, and conclude, without support, that they were violated.

For example, Plaintiffs allege the Lanham Act was violated by "Defendants'" advertising, but do not even allege what advertising the defendants made, what this advertising actually said, and whether Plaintiffs even saw or relied on it.   (FAC ¶468.)

Similarly, Plaintiffs allege "Defendants" violated TILA, but not disclosing that Plaintiffs' loans were sold or transferred.   (*Id.* ¶¶383-391.)   But Plaintiffs' acknowledge

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION AND MOTION TO DISMISS THE FAC**

the provision of TILA they claim was violated did not take effect until May 20, 2009, and Plaintiffs do not allege when the purported "transfers" of their loans took place. (*Id.*)  Plaintiffs do not allege sufficient facts to determine whether TILA even applies to their loans – for example TILA does not apply to investment properties. See 15 U.S.C. 1603(1); Regulation Z, 12 C.F.R. § 226.3(a); 12 U.S.C. 2606(a)(1); 24 C.F.R. § 3500.5(b)(2).[10]  Likewise, Plaintiffs' FDCPA allegations fail to the extent it is based on EMC, Chase, or Bear Stearns' own debt collection efforts because the FDCPA does not apply to entities that are collecting their own debts, and there are no allegations that these entities were collecting debts for others.  Accordingly, the FAC does not state a UCL claim for "unlawful" conduct.  *Rowe v. Educational Credit Management Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) ("a 'creditor' is not a 'debt collector' under the FDCPA"); 15 U.S.C. § 1692a(6)(A).  Therefore, because Plaintiffs do not state a predicate violation for their "unlawful" UCL claim, it fails.

Finally, as to the "fraudulent" prong, Plaintiffs plead no actionable fraudulent conduct to sustain their UCL claim for the same reasons there is no fraud claim stated.  (*See* Section III, *supra*.)  To the extent Plaintiffs' UCL claim is predicated on alleged misrepresentations or omissions, it must be dismissed for failure to plead with particularity.  *See, e.g., Vega v. JPMorgan Chase Bank, N.A.,* No. CV F 09-1444 LJO GSA, 2009 WL 2731039, at *7 (E.D. Cal. Aug. 26, 2009)  (dismissing UCL fraud claim for lack of particularity).

Therefore, this Court should dismiss Plaintiffs' UCL claim (Count IV).

---

[10]  Further, for at least some Plaintiffs, the predicate TILA claim is likely barred by TILA's one-year statute of limitations for damages or three-year statute of limitations for rescission because all of Plaintiffs loans were allegedly made between January 1, 2003 and June 30, 2008, and the FAC was not filed until April 15, 2011.  *See, Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998).

CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
AND MOTION TO DISMISS THE FAC

**IV.    PLAINTIFFS STIRLING AND MICHELLE HALE AND CAROL WEISSKOPF FAIL TO STATE A CLAIM FOR "WRONGFUL FORECLOSURE" (COUNT V).**

As an initial matter, Plaintiffs Stirling and Michelle Hale and Carol Weisskopf (the only Plaintiffs who purport to assert this claim) fail to state a claim for "wrongful foreclosure" because their claim is made up entirely of legal conclusions without any factual support. *St. Clare,* 536 F.3d at 1055.  Instead, the Hales and Weisskopf conclude that "Defendants are not the holder of the notes and deeds of trust and are not operating under a valid power from the current holders."  (FAC ¶486.)   The Hales and Weisskopf do not allege which "Defendant" allegedly foreclosed or when, or any facts to support the conclusion that whoever allegedly foreclosed was "not the holder of the notes and deeds of trust."  For this reason alone, Plaintiffs' wrongful foreclosure claim should be dismissed.

In addition, the Hale's and Weisskopf's claim must also fail because they have not alleged they made tender, as required by California law.  In California, the law is long-established that tender of the full amount owed by the plaintiff is a prerequisite to challenge of the foreclosure sale. *Abdallah v. United Savs. Bank* (1996) 43 Cal. App. 4th 1101, 1109 (borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure"); *Grant v. Aurora Loan Servs.*, 736 F. Supp. 2d 1257, 1270-71 (C.D. Cal. 2010) (dismissing wrongful foreclosure claim for failure to tender).  The rule applies equally to completed foreclosure sales and lawsuits seeking to enjoin future sales; where the sale is complete, the tender required is of the full debt, and where the sale has not yet occurred, the tender required is of the full amount necessary to cure the default. *Lopez v. Chase Home Fin.*, LLC, No. 1:09-cv-449-LJO-GSA, 2009 WL 1120318, at *3–4 (E.D. Cal. Apr. 8, 2009) (sale complete); *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1059 (E.D. Cal. 2010) (sale pending).

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION AND MOTION TO DISMISS THE FAC**

1068197.1

Accordingly, the Court should dismiss Plaintiffs' "wrongful foreclosure" claim (Count V), with prejudice.

## V.   PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT (COUNT VI).

While a basic prerequisite to stating a contract claim requires the identification of a contract to which Plaintiffs are a party, no such contract is identified here. Instead, Plaintiffs' contract claim is premised on the unsupported theory that they are somehow third-party beneficiaries to some undefined contract between some, maybe all "Defendants" and the federal government which requires "Defendants" to modify their loans.  In support of their purported breach of contract claim, Plaintiffs conclude:

> Defendants' acceptance of TARP money created an obligation to modify loans outstanding on Plaintiffs' real estate to the extent Defendants were pronouncing rights thereto, to assist borrowers, and to otherwise use TARP funds for the benefit of, among others, the Plaintiffs herein.[11]
>
> *          *          *
>
> Plaintiffs are intended third-party beneficiaries of the contracts between the United States Government, certain intermediaries, and Defendants.
>
> *          *          *
>
> Defendants…breached their contractual obligations to Plaintiffs as set forth herein

(FAC ¶¶497-499.)

Under federal law, "[b]efore a third party can recover under a contract, it must show that the contract was made for its direct benefit – that it is an intended beneficiary of the contract."  *Klamath Water Users Protective Ass'n v. Patterson,* 204 F.3d 1206, 1210 (9th Cir. 1999).    Additionally, "[d]emonstrating third-party

---

[11] Plaintiffs fail to allege any specific Plaintiff applied for a loan modification from any specific defendant and was rejected.  (*See generally,* FAC.)  Instead, Plaintiffs vaguely allege some facts as to one set of Plaintiffs, specifically that "Defendants gave Willie and Alice Collins a trial loan modification" and that they were rejected for a permanent loan modification.  (*Id.*, ¶498.)  Nothing more is alleged.

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION AND MOTION TO DISMISS THE FAC**

beneficiary status in the context of a government contract is a comparatively difficult task." *County of Santa Clara v. Astra USA, Inc.,* 588 F.3d 1237, 1244 (9th Cir.2009) (rev'd on other grounds).  In general, third parties who benefit from a government contract are "assumed to be incidental beneficiaries, rather than intended ones, and so may not enforce the contract absent a clear intent to the contrary." *Id.*  "A contract's recitation of interested constituencies, vague, hortatory pronouncements, statements of purpose, explicit reference to a third party, or even a showing that the contract operates to the third parties' benefit and was entered into with [them] 'in mind'" is not enough to show clear intent.  *Id.* Rather, the contract's precise language must demonstrate a clear intent to rebut the presumption that the plaintiff is an incidental beneficiary. *Id.*

Here, Plaintiffs do not allege any facts identifying the alleged contract or contracts between any defendant and the federal government and do not identify any contractual language or requirement that any defendant allegedly breached or that would support Plaintiffs' claims that they are third-party beneficiaries.  Instead, Plaintiffs conclude that because "Defendants" "accepted TARP money" they had "an obligation to modify loans outstanding on Plaintiffs' real estate."  (FAC ¶¶497-499.) Plaintiffs do not allege what language of what contract created this "obligation" or even whether any Plaintiff applied for a loan modification and was rejected, such that this purported "obligation" was breached.  (*See generally*, FAC.)  Therefore, Plaintiffs have not pled they are third-party beneficiaries to TARP.

Although unclear, it appears Plaintiffs' claim may relate to the federal government's Home Affordable Modification Program ("HAMP").  In addition to the pleading deficiencies pointed out above, numerous courts have expressly rejected the argument that borrowers are third-party beneficiaries under HAMP.  *See, e.g.*, *Simmons v. Countrywide Home Loans, Inc.*, No. 09-cv-1245 JAH (JMA), 2010 WL 2635220 (S.D. Cal. Jun. 29, 2010) (dismissing the breach of contract claim based

**CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION AND MOTION TO DISMISS THE FAC**

on a lack of standing because plaintiffs are only incidental beneficiaries of HAMP contract and do not have enforceable rights under the contract; and because the contract did not state that Countrywide *must* modify all eligible mortgages, but only that it is required to *consider* them for modification); *Escobedo v. Countrywide Home Loans*, No. 09-cv-1557-BTM (BLM), 2009 WL 4981618 (S.D. Cal. Dec. 15, 2009) (dismissing claim for lack of standing to sue because plaintiff was not an intended third-party beneficiary of HAMP contract, and because contract did not state that Countrywide *must* modify all eligible mortgages, but only that it is required to *consider* them for modification); *Lucero v. Countrywide Bank*, No. 09-cv-1742 BTM (BLM), 2010 WL 1880649 (S.D. Cal. May 10, 2010) (dismissing breach of contact claim because the HAMP contract did not require Countrywide to modify plaintiff's loans, and because even if Countrywide had an obligation to modify the loan upon request, plaintiff never requested a modification); *Villa v. Wells Fargo Bank*, No. 10-cv-81 DMS (WVG), 2010 WL 935680 (S.D. Cal. March 15, 2010) (dismissing claims to set aside trustee's sale and cancel trustee's deed based upon defendants' failure to comply with the HAMP contract because plaintiffs are not intended beneficiaries of the HAMP Agreement).[12]

---

[12] Even if Plaintiffs did allege sufficient facts to support their third-party beneficiary theory, there is no private right of action for violation of TARP or HAMP. *See, e.g.*, *Aleem v. Bank of Am.*, No. EDCV 09-01812-VAP (RZ), 2010 WL 532330 (C.D. Cal. Feb. 9, 2010) (dismissing unfair business practices and unjust enrichment claims to the extent they are based upon violations of TARP and HAMP because there is no private right of action under either program); *Ung v. GMAC Mortg.*, No. EDCV 09-893, 2009 WL 2902434, *4 (C.D. Cal. Sept. 4, 2009) (same); *Simon v. Bank of Am., N.A.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *7 (D. Nev. June 23, 2010) ("[C]ourts have consistently held that the Home Affordable Modification Program does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan.") (collecting cases); *Manabat v. Sierra Pac. Mortg. Co.*, No. CV F 10-1018 LJO JLT, 2010 WL 2574161 (E.D. Cal. Jun. 25, 2010) (dismissing plaintiff's wrongful foreclosure claim because there is no

1068197.1

1    Plaintiffs are not intended third-party beneficiaries under any alleged contracts

2    involving any defendant, and thus Plaintiffs do not have any enforceable rights under

3    which they could state a claim for breach of contract.  Accordingly, the Court should

4    dismiss Plaintiffs' breach of contract (Count VI), with prejudice.

5                                           **CONCLUSION**

6    For the foregoing reasons, Defendants JPMorgan Chase Bank, N.A. for itself

7    and as successor by merger to Chase Home Finance LLC, EMC Mortgage LLC

8    (incorrectly sued as EMC Mortgage Corporation), and The Bear Stearns Companies

9    LLC, respectfully request that this Court enter an order dismissing Plaintiffs' First

10   Amended Complaint in its entirety and with prejudice, and for such further relief that

11   this Court deems necessary and just.

12

13   Dated:  December 19, 2011         SHEPPARD MULLIN RICHTER & HAMPTON
                                       LLP
14

15                                     By:        */s/ Norma V. Garcia*

16                                                Norma V. Garcia

17                                       Attorneys for Defendants
                                       JPMORGAN CHASE BANK, N.A. for itself and
18                                     as successor by merger to CHASE HOME
                                       FINANCE LLC, EMC MORTGAGE LLC
19                                     (incorrectly sued as EMC MORTGAGE
                                       CORPORATION), THE BEAR STEARNS
20                                     COMPANIES LLC and CALIFORNIA
                                       RECONVEYANCE COMPANY
21

22

23

24

25

26
     _____

27   private right of action for HAMP violations against lenders that receive HAMP

28   funds).

                                        19          CHASE, EMC, AND BEAR STEARNS' NOTICE OF MOTION
                                                    AND MOTION TO DISMISS THE FAC